**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MAURICE WALLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No.:** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNKNOWN CHICAGO POLICE OFFICER STAR** | ) | |
| **#8434; CHICAGO DETENTION AIDE L.** | ) | |
| **RODRIGUEZ; and  OTHER UNKNOWN CHICAGO** | ) | |
| **POLICE OFFICERS, Individually and as Employees/** | ) | |
| **Agents of the City of Chicago, a Municipal Corporation** | ) | |
| **and THE CITY OF CHICAGO, a Municipal** | ) | **JURY DEMAND** |
| **Corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, MAURICE WALLER, by and through his attorneys, LAW OFFICES OF JEFFREY J. NESLUND and LAW OFFICES OF ROBERT ROBERTSON, and complains of the Defendants, CITY OF CHICAGO (Defendant City) and UNKNOWN CHICAGO POLICE OFFICER STAR #8434; CHICAGO DETENTION AIDE L. RODRIGUEZ; and OTHER UNKNOWN CHICAGO POLICE OFFICERS (hereinafter "DEFENDANT OFFICERS"), as follows:

## INTRODUCTION

1.      This is an action for civil damages brought pursuant to 42 U.S.C. section 1983 for the deprivation of Plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1343.

2.      Venue in this district is proper pursuant to 28 U.S.C §1391(b), because the facts that give rise to the claims asserted herein occurred in the Northern District of Illinois.

3.     Plaintiff, MAURICE WALLER, is an individual who at all times relevant hereto was living in the Northern District of Illinois.

4.     DEFENDANTS UNKNOWN CHICAGO POLICE OFFICER STAR #8434; CHICAGO DETENTION AIDE L. RODRIGUEZ; and OTHER UNKNOWN CHICAGO POLICE OFFICERS were at all times material hereto, duly appointed Chicago Police Officers and/or employees of the City of Chicago acting in the capacity of sworn law enforcement officials or as a detention aide.

## FACTUAL SUMMARY

5.     On August 1, 2013, Plaintiff, MAURICE WALLER, was arrested by Chicago police officers on a misdemeanor offense.

6.     Plaintiff was transported to the 11th District Chicago Police Station located at 3151 W. Harrison, Chicago, Illinois, and placed into the male lockup.

7.     DEFENDANT L. RODRIGUEZ was the lockup keeper/detention aide at the 11th District and was responsible for the Plaintiff while he was in custody at the station.

8.     While in the 11th District lockup, the Plaintiff requested medication for a pre-existing psychological condition.

9.     Plaintiff was informed by the lockup keeper, DEFENDANT L. RODRIGUEZ, that he would be taken to Stroger Hospital for his medication.

10.     After several hours in the lockup, Plaintiff began screaming that he needed his medication for his psychological condition.

11.     Plaintiff was removed from the lockup by DEFENDANT L. RODRIGUEZ and OTHER UNKNOWN CHICAGO POLICE OFFICERS and placed into an individual cell.

12.     Once in the individual cell, Plaintiff was beaten by DEFENDANT L.

2

RODRIGUEZ, repeatedly punched in the face and otherwise beaten in the presence of DEFENDANTS OTHER UNKNOWN CHICAGO POLICE OFFICERS.

13.     An UNKNOWN CHICAGO POLICE OFFICER told the Plaintiff that if he could walk out of the station on his own, he would get an I-bond, but if the officer had to call an ambulance to the station, the Plaintiff would be charged with assaulting the lockup keeper.

14.     The Plaintiff was then given an I-Bond by UNKNOWN CHICAGO POLICE OFFICER STAR #8434 and told to walk as far away from the station as he could.

15.     Once the Plaintiff was released from custody on the I-Bond, Plaintiff collapsed outside the 11th District station.

16.     The Plaintiff was eventually transported via ambulance to Mt. Sinai Hospital where he received medical attention for injuries, which included facial fractures and a broken nose.

## COUNT I
## State Law Claim:  Assault and Battery
### (Defendant L. Rodriguez)

17.     Plaintiff re-alleges and incorporates paragraphs 1-16 as fully stated herein.

18.     As described in the preceding paragraphs, the conduct of DEFENDANT L. RODRIGUEZ, acting under color of law and within the scope of their employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Plaintiff's bodily injuries.

19.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

20.     The misconduct described in this Court was undertaken by DEFENDANT L. RODRIGUEZ within the scope of his employment such that their employer, CITY OF CHICAGO, is liable for their actions.

## COUNT II
## 42 U.S.C. § 1983: Excessive Force
(Defendant L. Rodriguez)

21.     Plaintiff re-alleges and incorporates paragraphs 1-16 above as fully stated herein.

22.     The acts of the DEFENDANT L. RODRIGUEZ were a deliberate and malicious deprivation of the Plaintiff's constitutional rights against excessive force as guaranteed to the Plaintiff by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

23.     As a result of the unreasonable and unjustifiable excessive force used by the DEFENDANT L. RODRIGUEZ, the Plaintiff suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. §1983.

## COUNT III
## Failure To Intervene
(Defendants Other Unknown Chicago Police Officers)

24.     Plaintiff re-alleges and incorporates paragraphs 1-16 above as fully stated herein.

25.     DEFENDANTS OTHER UNKNOWN CHICAGO POLICE OFFICERS failed to intervene and prevent injury to Plaintiff.

26.     DEFENDANTS OTHER UNKNOWN CHICAGO POLICE OFFICERS had a realistic opportunity to prevent or limit the harm to Plaintiff and failed to take reasonable steps to prevent the harm from occurring to the Plaintiff.

27.     DEFENDANTS OTHER UNKNOWN CHICAGO POLICE OFFICERS' failure to take reasonable steps to prevent harm from occurring to the Plaintiff caused the Plaintiff harm, including, but not limited to, physical pain and suffering and mental stress and anguish.

28.     The conduct described in this Count was undertaken by the DEFENDANTS OTHER UNKNOWN CHICAGO POLICE OFFICERS under the color of law and was within

the scope of their employment such that their employer, the City of Chicago, is liable for their actions.

## COUNT IV
### Failure To Provide Medical Attention
(All Defendants)

29.     Plaintiff re-alleges and incorporates paragraphs 1-16 above as fully stated herein.

30.     After Plaintiff was punched in the face and beaten by DEFENDANT L. RODRIGUEZ, the DEFENDANTS knew the Plaintiff had a serious medical condition and was in need of medical assistance.

31.     The DEFENDANTS were deliberately indifferent to the Plaintiff's serious medical needs and failed to provide them medical assistance.

32.     The DEFENDANTS' deliberate indifference caused physical harm to the Plaintiff, including physical pain and suffering.

33.     The misconduct described in this Count was undertaken by the DEFENDANTS under the color of law and within the scope of their employment such that their employer, the City of Chicago, is liable for their actions.

## COUNT V
### Section 1983 Conspiracy Claims
(All Defendants)

34.     Plaintiff re-alleges and incorporates paragraphs 1-16 above as fully stated herein.

35.     The DEFENDANTS acted in concert with each other to intentionally deprive Plaintiff, MAURICE WALLER, of his Constitutional rights under color of law.

36.     In furtherance of this conspiracy, the DEFENDANTS took overt acts, including threatening to fabricate false police reports and institute false criminal charges, in an effort to

conceal their involvement in the beating of Plaintiff MAURICE WALLER, all in violation of both state and federal law.

37.     The misconduct described in this Count was undertaken intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of the Plaintiff, MAURICE WALLER.

38.     As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to emotional stress and anguish.

39.     The aforementioned actions of the DEFENDANTS were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

**COUNT VI**
**State Law Claim: Indemnification**

40.     Plaintiff re-alleges and incorporates paragraphs 1-16 above as fully stated herein.

41.     In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

42.     DEFENDANTS are or were employees of The City of Chicago acting within the scope of their employment in committing the misconduct described herein. The City of Chicago is responsible to indemnify any compensatory judgment or settlements entered against the DEFENDANTS in their capacity as Chicago Police Officers.

## COUNT VII
## Monell Claim
(Defendant City of Chicago)

43.     Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 through 16, *supra*, as if fully set out herein, and expressly makes them part of Count VII.

44.     The Chicago Police Department (the "Department") is a subsidiary division of defendant, the CITY OF CHICAGO.  The City maintains and exercises exclusive control over the Department, its policies and procedures, as well as the conduct of all of its employees, including the DEFENDANTS.

45.     The Defendant CITY OF CHICAGO, through its subsidiary the Chicago Police Department, has established certain policies and procedures which were adopted and promulgated through the actions and inactions of senior and intermediate supervising officers of the Chicago Police Department, and were thereby ratified by the CITY OF CHICAGO.

46.     At the time of this occurrence and prior thereto, there existed within the Chicago Police Department policies and procedures which result in the failure or refusal of the Chicago Police Department to maintain or monitor security video cameras located within the lock up areas of police stations, including the 11th District.

47.     The failure or refusal of the Chicago Police Department to maintain or monitor security video cameras located within the lock up areas is the proximate cause of frequent injuries of civilian citizens, including Plaintiff.

48.     The actions of agents, servants and/or employees of the Chicago Police Department referred to herein were caused in part by one or more interrelated *de facto* policies, practices and/or customs and procedures of the CITY OF CHICAGO and its police department.

7

49.     At all times material to this Complaint, the CITY OF CHICAGO and its police department, had interrelated widespread and well known *de facto* policies, practices, and customs which included, *inter alia,*

(a) The CITY OF CHICAGO and its police department's inexcusable and intentional failure to maintain video surveillance equipment installed in the lock-up areas of its police stations throughout the City, including the 11th District;

(b) The failure to implement a policy and/or procedures to ensure that the video surveillance cameras in the lock-up location are fully functional and capable of preserving captured images, including any unlawful actions committed against detainees by City of Chicago police officers and/or civilian employees employed in such area;

(c) The failure to make any repairs to the video surveillance system despite the fact that such video surveillance cameras were inoperable for substantial periods of time and despite actual knowledge by the City through its agents and employees that such equipment was not working;

(d) The City's consistent and repeated failure to maintain this equipment in an area that was secluded from the view of the public fostered an environment in which police officers and lock up keepers were allowed and/or encouraged to use excessive force on pretrial detainees;

(e) The City's failure to maintain the video surveillance equipment in light of known prior instances of excessive force against detainees by City of Chicago police officers and civilian detention aides coupled with knowledge that the video surveillance equipment was not working created a *de facto* policy, practice, and custom that permitted and encouraged further instances of excessive force against pre-trial detainees, including the PLAINTIFF;

50.     Said policies, practices and customs, as set forth above, both individually and collectively, were maintained and implemented with deliberate indifference by DEFENDANT CITY OF CHICAGO, and caused the individual DEFENDANT agents, servants and/or employees of the Chicago Police Department referred to above to commit the aforesaid acts against Plaintiff, and, therefore, acted as direct and proximate causes of said constitutional violations to the Plaintiff.

8

## REQUEST FOR RELIEF

51.     Plaintiff, MAURICE WALLER, respectfully requests that the Court:

a.      Enter a judgment in his favor and against DEFENDANTS UNKNOWN CHICAGO POLICE OFFICER STAR #8434; CHICAGO DETENTION AIDE L. RODRIGUEZ; and OTHER UNKNOWN CHICAGO POLICE OFFICERS and THE CITY OF CHICAGO;

b.      Award compensatory damages against DEFENDANTS UNKNOWN CHICAGO POLICE OFFICER STAR #8434; CHICAGO DETENTION AIDE L. RODRIGUEZ; and OTHER UNKNOWN CHICAGO POLICE OFFICERS and THE CITY OF CHICAGO;

c.      Award attorney's fees against DEFENDANTS UNKNOWN CHICAGO POLICE OFFICER STAR #8434; CHICAGO DETENTION AIDE L. RODRIGUEZ; and OTHER UNKNOWN CHICAGO POLICE OFFICERS and THE CITY OF CHICAGO;

d.      Award punitive damages against DEFENDANTS UNKNOWN CHICAGO POLICE OFFICER STAR #8434; CHICAGO DETENTION AIDE L. RODRIGUEZ; and OTHER UNKNOWN CHICAGO POLICE OFFICERS.

e.      Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, MAURICE WALLER, demands a trial by jury under the Federal Rule of Civil

Procedure 38(b) on all issues so triable.

Respectfully submitted,
/s/ Jeffrey J. Neslund
JEFFREY J. NESLUND
One of the Attorneys for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 223-1100

Robert Robertson
Law Offices of Robert Robertson
20 North Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 223-8600